IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS CLARENCE FOWLER,                               CV 07-114-MA

        Petitioner,                           OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.


    STEPHEN R. SADY
    Chief Deputy Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, Oregon  97204

        Attorney for Petitioner

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.


1- OPINION AND ORDER

In his *pro se* petition, Petitioner seeks an order requiring the BOP to cease collecting restitution payments from him, which are currently being collected pursuant to the Inmate Financial Responsibility Program (IFRP), and to, in essence, identify petitioner as "IFRP exempt".

By his Answer, dated May 21, 2007, Respondent acknowledged Petitioner is entitled to the relief requested. However, Respondent argued that the court should not grant the writ because the BOP would voluntarily "cease collection activity pursuant to the IFRP."

On April 4, 2007, following the appointment of counsel, Petitioner filed a Reply, in which he argued that notwithstanding Respondent's promise to voluntarily cease collection activity, a writ should nevertheless issue to restore Petitioner "to the position he would have been in but for the BOP's decision to put him in IFRP refuse status...". In his Reply Petitioner further argues that the BOP should return to him all monies "unlawfully taken" from him, and that "all sanctions imposed should be vacated."

There is not any evidence in the record to support the conclusion that Petitioner has been placed in "IFRP Refuse Status" or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments pursuant to the IFRP. Based on the record before the court it appears

2- OPINION AND ORDER

Petitioner was dutifully paying $200 per month toward his restitution and therefore did not suffer the consequences of refusing to comply with the IFRP.  Accordingly, as a result of the BOP's imposition of a restitution repayment schedule under the IFRP Petitioner is in a better, not worse, position than he would have been in because he has reduced his restitution debt by making payments during his period of incarceration, which he would not have done voluntarily.

Although Petitioner is entitled to a writ ordering the BOP to cease its unlawful collection of restitution payments, he is not entitled to a refund of the monies heretofore collected on an outstanding restitution debt of almost $100,000.

The court hereby GRANTS Petitioner's Petition for a Writ of Habeas Corpus, and ORDERS the BOP to cease collecting restitution payments from Petitioner, and to identify petitioner as "IFRP exempt."

IT IS SO ORDERED.

DATED this _8_ day of August, 2007.

　　　　　　　　　　　　　　　　　　/s/   Malcolm F. Marsh
　　　　　　　　　　　　　　　　　　Malcolm F. Marsh
　　　　　　　　　　　　　　　　　　United States District Judge

3- OPINION AND ORDER